**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1414-18

ONN RAPEIKA,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted February 8, 2021 – Decided April 14, 2021

Before Judges Currier and Gooden Brown.

On appeal from the New Jersey Department of Corrections.

Joseph L. Nackson and B. Alan Seidler (Law Offices of B. Alan Seidler) of the New York bar, admitted pro hac vice, attorneys for appellant (B. Alan Seidler and Joseph L. Nackson, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Raajen V. Bhaskar, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Onn Rapeika, a State inmate, appeals from the final decision of the New Jersey Department of Corrections (DOC) after a finding of guilt of committing a prohibited act. Appellant contends his due process rights were violated in the administrative proceeding and during the disciplinary appeal. We affirm.

DOC officers observed appellant kneeling on the floor of his cell with a string around his neck that was attached to a light fixture. Appellant had advised staff earlier he intended to hang himself. When the officers opened the door, the string broke and appellant fell forward, injuring his head and face. Appellant refused to comply with the officers' directions to get on the ground. Eventually the officers subdued appellant, placing him in handcuffs. Additional officers and a nurse arrived to "assess" appellant. Although he was on his back, appellant continued moving despite the officers' orders to stop. At one point, he kicked an officer in the groin area. Numerous witnesses saw the events and provided statements corroborating that appellant kicked the officer.

Appellant was charged with several prohibited acts after the altercation. This appeal only concerns *.002, "assaulting any person," in violation of N.J.A.C. 10A:4-4.1(a)(1)(ii).

In his written statement, appellant indicated he wanted to plead "temporary insanity." Prior to the disciplinary hearing, appellant requested and was granted the assistance of counsel substitute. During the hearing, appellant stated he was upset he could not see his parents. He said he tried to commit suicide and did not mean to kick the officer. He did not request the opportunity to call any witnesses or confront an adverse witness.

The hearing officer found appellant guilty of *.002. The officer found appellant did not present anything to contradict the evidence that appellant had kicked the officer. He was sanctioned to 181 days of administrative segregation, ninety-one days loss of commutation time and thirty days of loss of recreation privileges. In imposing the sanction, the officer found appellant did not have any mental history or prior disciplinary history.

Appellant filed an administrative appeal in which he admitted striking an officer "purely by accident" but alleged he "should not have been charged." On September 25, 2018, Assistant Superintendent Anthony Gangi upheld the decision, finding the hearing officer complied with the procedural safeguards prescribed under N.J.A.C. 10A and reviewed and considered appellant's mental history.

On appeal, appellant raises new arguments, not presented in the administrative appeal, contending he was deprived of his due process rights.

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Generally, the decision must not be disturbed on appeal unless it was arbitrary, capricious or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

Appellant asserts it is unclear what standard of proof was used by the hearing officer and in the appeal. We disagree. Under N.J.A.C. 10A:4-9.15(a) a "finding of guilt at a disciplinary hearing shall be based on substantial evidence that the inmate has committed a prohibited act." Here, witness statements supported the hearing officer's finding that appellant assaulted the officer. Moreover, appellant admitted in his appeal that he "struck an officer," albeit accidentally.

The pertinent regulations require a hearing officer's decision to be upheld unless "procedural safeguards . . . were not followed, new evidence . . . is revealed . . . the sanction [imposed] is disproportionate to the offense" or "the evidence does not support the findings of the [hearing officer] but would support . . . a lesser offense than . . . was charged." N.J.A.C. 10A:4-11.5(a). In his

determination, the Assistant Superintendent found the required procedural safeguards were followed. Therefore, he applied the required standard in his consideration of appellant's due process assertions.

Appellant's arguments concerning the non-production of certain records are without merit. All of the records considered and relied upon in the disciplinary process were produced.

Appellant also contends, for the first time, that Assistant Superintendent Gangi should have recused himself from considering appellant's matter because appellant has brought suit against Gangi and other DOC personnel in a federal district court action. Appellant states the case arises out of a prior assault. However, there is no support for this argument.

There are no documents provided for this court to consider this assertion. It is unknown when the alleged events took place, whether Gangi was involved and whether the lawsuit was initiated by appellant before or after the disciplinary proceedings that are the subject of this appeal. Without any information, we cannot consider the unfounded allegation or make any determination as to any potential conflict or prejudice.

A-1414-18

The decision of the hearing officer was based on sufficient credible evidence, and the decision of the DOC was not arbitrary, capricious or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1414-18